*320
 
 Overton, J.
 

 delivered the following opinion of the court.
 

 This was an action of ejectment brought by the defendant Campbell, against the plaintiff Wallen in the county of Claiborne.
 

 On the trial, the defendant offered in evidence, a grant dated in August 1787 to John Jones.
 

 The plaintiff deduced his title under two grants founded on two entries, one in the following words, “ Washington November 22nd 1779, Berryman Wallen enters 640 acres of land in Powels valley, beginning at a beech marked W. about one and a half miles below Doctor Walker’s camp, before he went through the mountain, running up and down the valley,” upon which a grant issued to Berryman Wallen, dated July 29th 1793. The other entry is in these words, “ Sullivan county November 22, February 22d 1780, John Carmark enters 640 acts of land lying in Powel’s valley
 
 *321
 
 opposite to Cumberland gap,” upon which a grant issued to John Carmack, dated April 23d 1794. Both of these grants include the land in dispute.
 

 The entries were objected to in the court below, on account of vagueness. It was admitted in argument, that the circuit court, without hearing evidence in relation to the specialty of these entries, sustained the objection, and directed the jury to consider them as void, because, on their face they were vague, and wanted specialty. To this opinion, the counsel for the plaintiff excepted.
 

 There was a verdict and judgment for the defendant in error, and a writ of error to this court.
 

 The court is clearly of opinion that there is error, which must be corrected. Entries in relation to specialty, are divisible into three classes ; such as are special, vague, or stand indifferent from their face. The first, as to locality, containing references to places, historically, traditionally, or well known to the people of the country, and require no auxiliary proof, or foreign aid to ascertain their specialty.
 

 The second cannot be made good by any extrinsic proof, either possessing no calls for specialty, or if any, requiring greater exertions to ascertain such specialty, than is reasonable
 
 ;
 
 as for instance, an entry calling to lie in the woods ; in the state-or particular county, might properly be said to possess no call or specialty ; but if calling to include a tree marked in a particular manner, the entry would still be void, as requiring greater exertions and industry to find the tree, than are consistent with the avocations of mankind.
 

 Entries, standing indifferent on their face, may be available or not, as the proof in the cause shall make them special or vague. The entries produced on the trial, are manifestly
 
 of
 
 this last kind, and therefore it was wrong in the circuit judge, to tell the jury that they were void upon their face, on a bare inspection.
 

 Before production of entries in evidence, the law presumes all to be sufficiently special ; when produced, the two first kinds require no proof ; none is expected in the first, and in the second class, none will be received. In these cases the presumption is conclusively removed by the production of the entry, which is condemned, and the cause at an end. But it is a favorite maxim of the law, that
 
 ut res magis, valeat quam pereat ;
 
 and the law will avoid the condemnation of an entry from its face it possible, consistent with reason.
 

 The calls of an entry or some of them, should be such as to
 
 *322
 
 be ascertainable by reasonable industry, by those acquainted in its neighborhood at the time of its date, or perhaps at the time of the institution of the adversary claim.
 

 In relation to the first entry, or that in the name of Berryman Wallen, it is quite probable that Doct. Walker's Camp, was on or near some water course, &c. and known to those acquainted in the neighborhood at the time ; if so, the more particular call of a tree one and a half miles below, would be ascertainable, and consequently the entry good. should it be found that its survey conforms to it, and covers the land in dispute.
 

 A similar process of reasoning will demonstrate that the second entry should not have been rejected, but left with any accompanying proof, to the jury.
 

 The Cumberland Gap called for in the second entry, is known to be a particular opening in the mountain of that name. The mountain of necessity, at that place, has a course, or general direction; and in common acceptation, a point two miles, or about two miles opposite to the gap, would have been opposite should it be found that a direct line from that point to Cumberland Gap, would strike the line forming the course of the mountain at right
 
 angles ;
 
 therefore, the expression opposite, is susceptible of definition. See Frier vs. Jackson, 8 Johns. 495, Middleton vs. Perry, 2 Bay 539.
 

 In fine, it may be remarked, that the law presumes that all entries standing indifferent as to specialty on their face, may be rendered available
 
 by proof ;
 
 that when the surveyor in his plat, calls for the specialties of the entry, it is presumptive evidence of the sufficiency of such specialties ; and consequently throws the
 
 onus probandi
 
 on the party opposing the validity of the entry.
 

 The judgment must be reversed, and the cause remanded with directions to proceed agreeably to this opinion.